GRIGSBY et al. v. HOPKINS.

No. 14995.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 4, 1949.

Rehearing Denied March 11, 1949.

Joe H. Cleveland, of Bowie, for appellants.

Donald & Donald, both of Bowie, and George M. Hopkins, Jr., of Denton, for appellee.

McDONALD, Chief Justice.

On December 31, 1945, final judgment was entered in a suit brought in the District Court of Montague County to adjudicate the title to the mines and minerals in and under the F. J. Bellows Survey. A large number of the defendants were cited by publication, and the court appointed the Honorable Geo. M. Hopkins of Denton as an attorney to defend the suit in their behalf. Rule 244, Texas Rules of Civil Procedure. The final judgment so entered awarded a fee of $10 to Mr. Hopkins, and also decreed that he have an undivided interest (not specifying the amount of such interest) in the interest in said minerals awarded to the defendants cited by publication.

On December 26, 1947, Mr. Hopkins filed in the case a motion requesting the court to "complete and reform" the judgment by awarding to Mr. Hopkins as a fee for representing said parties an undivided one-fourth interest in the mineral interests which had been awarded to them in the judgment, and later filed an amended motion requesting the same relief.

Several of the persons who had been cited by publication contested the motion. On May 21, 1948, the court entered an order decreeing in substance that Mr. Hopkins be awarded a one-fourth interest in the property which had theretofore been awarded to the defendants cited by publication. Five of those who contested Mr. Hopkins' motion have prosecuted an appeal to this court. Mr. Hopkins contested the authority of the Honorable Joe H. Cleveland, of Bowie, to prosecute the appeal, by motions filed under Rule 12 in the trial court and in this court. The question of Mr. Cleveland's authority has been argued at length, both orally and in writing. Pur-

suant to an unpublished opinion relating to such question, issued by this court on December 10, 1948, Mr. Cleveland has filed in this court affidavits of the five appellants, all of which confirm their employment of Mr. Cleveland to prosecute the appeal.

Appellants' principal contention is that the court had no authority to award to Mr. Hopkins, as an attorney fee, an interest in the land recovered by appellants in the suit. They argue that the court, where an attorney is appointed to defend a suit in behalf of persons cited by publication, is authorized only to award a fee measured in dollars, to be taxed as costs. Rule 244. Cases such as Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81, indicate that the court may award a fee only in the manner contended by appellants, but in none of the cases cited by appellants do we find the exact problem which confronts us. Nor do any of the cases cited by appellee involve the exact question we have before us. Bolton v. Baldwin, Tex.Civ.App., 57 S.W.2d 957, writ dismissed, involved an agreement by the guardian of minors to pay a contingent fee to attorneys employed to recover property for the minors. In Japhet v. Pullen, Tex.Civ.App., 153 S.W. 1188, the fee awarded was a named amount of money, although it was taxed against the estate of the minors for whom the court appointed an attorney. In Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66, the fee awarded the attorney appointed to represent minor defendants was a specified amount of money, to be paid out of the estate of the minors recovered in said suit. The judgment was enforced by a levy of execution on land recovered by the minors in the suit. We have carefully read the lengthy opinion of the Supreme Court, but have not been able to find any declarations in it which could be construed as authority for the proposition that a court may award an undivided interest in the land recovered as an attorney fee.

▮ Even in a case where the attorney is employed by a party to the suit, the general rule is that, "in the absence of statutory authority or consent of the attorney's client, the court cannot adjudge and decree the attorney a portion of the proceeds of a judgment at law recovered by the attorney in favor of his client." 5 Am. Jur. 370.

▮ We have not been able to find any authority in support of the proposition that the court in such a case may award to the attorney appointed to represent the defendants cited by publication an interest in real estate as a fee for his services. Authorities are cited by both parties in support of their respective theories, but in none of them is the specific question decided which confronts us. Rule 244 authorizes a fee to be taxed as a part of the costs. It is obvious that the award of an interest in realty is not authorized by such a provision. There was no contract between appellants and Mr. Hopkins on which there could have been founded a claim of an interest in the land. Mr. Hopkins was not a party to the suit, he had filed no pleadings seeking recovery of an interest in the land at any time before final judgment in the case. There was no service of process, actual or constructive, to bring notice to said parties of any claim on Mr. Hopkins for recovery of an undivided interest in the land. There would have been neither pleadings nor process to support a judgment in favor of Mr. Hopkins for an interest in the land, even if he had been representing the parties by virtue of a contract providing that he should have an interest in the land. A court may not award an interest in the land involved in a suit to one who is not a party to the suit and has filed no pleadings therein seeking a recovery of such interest. The order appealed from undertook to award an interest in the land in controversy to one who was not a party to the suit, with neither pleading nor process to support such a judgment.

In so far as the order in question pertains to parties who have not appealed, it is left undisturbed. In so far as it awards to appellee an interest in the mineral estate recovered by the appellants J. M. (Budlow) Grigsby, Alta Grigsby, Emma Stinson, Johnnie Grigsby Worsham and William Grigsby, the judgment is reversed, and judgment is here rendered that appellee recover no interest in the mineral estate recovered by said appellants in the judgment entered on December 31, 1945.