**GARWOOD IRR. CO. v. LUNDQUIST et al.**

**No. 12452.**

Court of Civil Appeals of Texas. Galveston.

Oct. 16, 1952.

Rehearing Denied Nov. 20, 1952.

G. H. Miller, of Columbus, and Vinson, Elkins & Weems, of Houston, R. Richard Roberts, of Houston, of counsel, for appellant.

Massey, Hodges, Moore & Gates, Hollis Massey and Otto Moore, Jr., of Columbus, for appellees.

MONTEITH, Chief Justice.

In this action appellant, Garwood Irrigation Company, sought a declaratory judgment against appellees, Dave Lundquist, Lewis Miller and Lester Bunge, who were water users on its irrigation system. It sought a declaratory judgment as to the validity and reasonableness of each of the provisions of the contract and certain rules and regulations which had been promulgated by appellant for the orderly distribution of its water. The trial court granted appellees' motion to dismiss appellant's suit and entered a judgment of dismissal.

It is undisputed that appellees refused to execute a contract which appellant had entered into with all of the other water users of its irrigation system, or to abide by the rules and regulations promulgated by the irrigation company for the orderly distribution of water among its many users. Appellees challenged each and every provi-

sion of the contract tendered by appellant, and refused to be bound by. the provisions of said rules and regulations.

The court refused to file its conclusions of law for the stated reason that the trial court was not required to file conclusions of law because the motion to dismiss the suit as presented states the grounds on which such motion was sustained, and the court dismissed appellant's suit.

The trial court also refused appellant's motion to amend its pleadings in such manner as to allege that appellees had refused to abide by its regulations that the water user who had planted more than 75% of his acreage in late maturing varieties of rice should pay an additional $2 water rate, and that during the pendency of this suit, this $2 per acre had been in part placed in escrow pending the outcome of this litigation.

It is appellees' contention that they are entitled to water from appellant's irrigation system without any contract, and that appellant is not entitled to require any contract or promulgate any rules for its protection.

Article 7556, V.A.T.S., provides that:

"If the person, association of persons, or corporation owning or controlling such water, and the person who owns or holds a possessory right or title to land adjoining or contiguous to any canal, * * * constructed or maintained under the provisions of this chapter, fail to agree upon a price * * * for the use or rental of the necessary water to irrigate the land of such person, * * * such person, association of persons, or corporation shall, nevertheless, if he, they or it, have or control any water not contracted to others, furnish the necessary water to such person to irrigate his lands * * * at such prices as shall be reasonable and just, and without discrimination."

The Uniform Declaratory Judgments Act, Article 2524-1, provides:

"Section 1. Courts of record * * * shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *

"Sec. 2. Any person interested under a * * * written contract, * * * or whose rights, status, or other legal relations are affected by a Statute, * * *" or "contract, * * * may have determined any question of construction or validity arising under the instrument, Statute, * * *" or "contract, * * * and obtain a declaration of rights, status, or other legal relations thereunder.

* * * * * *

"Sec. 5. The enumeration in Sections 2, 3, and 4 does not limit or restrict the exercise of the general powers conferred in Section 1, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

The irrigation company was in no position to capitulate without violating its statutory duties and discriminating among its other users. The record reflects that the suit was instituted on May 4, 1949.

We have carefully considered the question as to whether the trial court erred in refusing to render a declaratory judgment construing the provisions of the contract between the parties to this action.

In 16 Amer.Jur., p. 284, it is said that, it must be justiciable, and this implies a state of facts involving persons adversely interested in matters in respect of which a declaration is sought. It must be a substantial present interest in the relief sought and such that the judgment or decree will operate as res judicata as to them and be of practical help in terminating the controversy. On the other hand, it is clear that to constitute an actual controversy so as to render these acts applicable, there need not exist an actual right of action in one party against the other in which consequential relief might be granted. Jurisdiction under a declaratory judgments act is not confined to cases in which the parties or one of them have a cause of action apart from that conferred by the act itself. To

hold that there must be a cause of action as that term is ordinarily used would defeat the fundamental purpose and destroy the real value of the remedy.

In the case of Sheldon v. Powell, 99 Fla. 782, 128 So. 258, 262, the Supreme Court of Florida held that:

> "In its inception, the purpose of the declaratory judgment was to 'serve as an instrument of preventive justice,' to render 'practical help' in determining issues, and to adjudicate the rights or status of parties, without the peril of committing a crime or resorting to violence or breach to put the legal machinery in motion. * * * Instances and types of cases were also listed in which it would be proper to render a declaratory decree, but, on account of the growing importance of the subject, these have multiplied to such an extent that any list announced yesterday would be of little practical utility today."

In the case of Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 713, 172 A.L.R. 837, it was held that, "* * * the Declaratory Judgment Act 'is an alternative or additional remedy to facilitate the administration of justice more readily' and * * * 'is an instrumentality to be wielded in the interest of preventative justice and its scope should be kept wide and liberal, and should not be hedged about by technicalities.'"

The court, in the Cobb v. Harrington case, supra, quoted with approval from the opinion in the case of Railroad Commission v. Houston Natural Gas Corp., Tex.Civ. App., 186 S.W.2d 117, 122 (writ of error refused, w.o.m.), in which the court held in that case that it "had occasion to consider the nature of the action for declaratory judgment under the statute. It discussed the subject at length, gave the statute a liberal construction, and, in our opinion correctly, expressed the conclusion that the declaratory judgment proceeding is an additional remedy and does not supplant any existing remedy, but is intended as a speedy and effective remedy for the determination of the rights of the parties when a real controversy has arisen and even before the wrong has actually been committed."

In its opinion in the Railroad Commission v. Houston Natural Gas Corp. case, supra, the court held that, "* * *. The Uniform Declaratory Judgments Act adds nothing to this inherent power of courts to construe statutes, but it furnishes a remedy or procedure of great elasticity to facilitate or aid the courts in the construction or interpretation of the statutes on the application of adverse parties with requisite interest, and as they apply to situations presented."

In the case at bar, the appellant contends that it must supply water to the appellees during the pendency of this litigation solely to prevent the accrual of damages in the event it be wrong in some portion of the position taken by it in its petition for declaratory judgment. It contends that the controversy is a continuing one—into the foreseeable future; that appellees not only have refused to abide by the rules and regulations which it is compelled by law to promulgate with respect to the distribution and conservation of water and other problems associated therewith, but that appellees have stated that they will continue to so refuse in the future.

Under the facts in this case and under the authorities cited, the judgment of the trial court is reversed, and the cause remanded to the trial court.