TRANSPORTATION INSURANCE COMPANY, Appellant,

v.

Guillermo FRANCO, Appellee.

No. 07–91–0086–CV.

Court of Appeals of Texas, Amarillo.

Jan. 27, 1992.

Rehearing Overruled Feb. 14, 1992.

Cecil Kuhne and W.C. Bratcher, Crenshaw, Dupree & Milam, Lubbock, for appellant.

Jackson Walls, Law Offices of Jackson Walls, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellant Transportation Insurance Company (Transportation) appeals from a summary judgment voiding a compromise settlement agreement between Transportation and appellee Guillermo Franco (Franco), and awarding attorneys' fees to Franco's counsel. For the reasons expressed below, we affirm the judgment of the trial court.

The underlying facts are not disputed. While employed with Tri–State Feed Yards, Franco was injured and he retained an attorney to process the ensuing workers' compensation claim. In the course of doing so, the attorney presented Franco with a settlement proposal from Transportation, Tri–State's insurance carrier. Franco verbally refused the settlement. The attorney then told Franco he must sign papers re-

flecting his refusal. Franco, who is incapable of reading or writing in either Spanish or English, signed papers he believed refused the settlement.

Distrusting his first attorney, Franco hired another attorney to represent his interests before the Industrial Accident Board (IAB). Under Franco's signature, that attorney drafted a letter to the first attorney requesting the return of the file and sent a copy of the letter to the IAB.

The papers Franco signed did not reject, but accepted the settlement. The first attorney presented the executed compromise settlement agreement to the IAB and, despite its prior receipt of Franco's letter, the IAB approved the compromise settlement· agreement.

Believing Franco agreed to the settlement, and in view of the IAB's action, Transportation acted on the agreement by issuing a check. Franco was not aware that the papers he signed agreed to the settlement until his first attorney informed him that the check had been received. Franco refused to endorse the check or accept the settlement. Franco's name was forged, apparently by the first lawyer, endorsing the check, but he has received no proceeds from the settlement.

After Franco's second attorney ceased to represent him, his present counsel filed this action seeking a declaratory judgment canceling the agreement on the basis of the extrinsic fraud perpetuated by his first attorney, coupled with the factual mistake of the IAB in approving the agreement presented by that attorney after it received notice that he was no longer authorized to represent Franco.

Transportation contends in three points of error that the summary judgment setting aside the compromise agreement was in error because (1) Franco has neither alleged, nor offered any proof of a cause of action against Transportation, (2) the trial court had no jurisdiction to render judgment under the Declaratory Judgment Act[1] and, (3) the action is barred by the

two-year statute of limitations. Finally, Transportation contends that the award of attorneys' fees to Franco's present counsel was erroneous, and grounds the contention on favorable rulings by this court on points of error one and two, as well as the fact that it was improper to award attorneys' fees directly to the attorney. We will address those points seriatim.

■ In its first point of error, Transportation contends that the setting aside of the agreement was erroneous because Franco did not allege a cause of action against it, but based the suit for cancellation solely on his first attorney's actions. Transportation has misconstrued the basis for the declaratory judgment action and confused it with a separate cause of action against Franco's first attorney.

Franco may have a cause of action against his first attorney based upon his handling of the workers' compensation claim. Although such an action would be supported by the same factual events as the present suit, his remedy against his first attorney is separate and distinct from that sought here because the invasion is of a different right, thereby creating separate causes of action. The statute is to be construed liberally and the existence of another adequate remedy at law does not bar a suit under the Act. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 713 (1945). Indeed, a declaratory judgment action is an additional remedy, not supplanting any other remedy, but is intended for the determination of the rights of the parties when a real controversy has arisen and even before the wrong has actually been committed. *Id.*

Recitations of fact in a cancellation suit such as this are incidental to the relief sought. *Texas Employers' Insurance Association v. Maynard*, 345 S.W.2d 447, 448 (Tex.Civ.App.—Texarkana 1961, no writ). Consequently, that the facts supporting the cancellation give rise to a separate cause of action against a third party is incidental to

---

**1.** References herein to the Act are to the Declaratory Judgment Act. Tex.Civ.Prac. & Rem.Code Ann. Chapter 37.001 *et seq.* (Vernon 1986).

the validity of the agreement. The facts were recited as support for the cancellation, not to establish a cause of action against Transportation.

■ It is not necessary that Franco state a cause of action against Transportation before he can seek a declaration from the court that the agreement is invalid. *Garwood Irr. Co. v. Lundquist,* 252 S.W.2d 759, 760 (Tex.Civ.App.—Galveston 1952, writ ref'd). The justiciable controversy essential to the maintenance of a declaratory judgment action can be shown by the imminence of litigation between the parties, unless the contractual differences between them are judicially declared. *Reuter v. Cordes–Hendreks Coiffures, Inc.,* 422 S.W.2d 193, 196 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ). A suit under the Act is not confined to cases in which the parties have a cause of action apart from the Act itself. An actual right of action in one party against another in which consequential relief might be granted need not exist before one is entitled to file a suit for declaratory relief. *Garwood Irr. Co. v. Lundquist, supra.*

The statute provides that relief is available to:

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

[and]

(b) A contract may be construed either before or after there has been a breach.

Tex.Civ.Prac. & Rem.Code Ann. sec. 37.004 (Vernon 1986).

The record clearly reflects that Franco, a person interested in and affected by the written agreement, sought to have the court determine its validity, as provided in the language of the statute. Franco's summary judgment evidence established a controversy sufficient to bring suit under the Act. Transportation's first point of error is overruled.

■ In its second point of error, Transportation contends that the trial court had no jurisdiction under the Act to render judgment because this is not a suit to construe rights, status, or legal relations under a written contract. We disagree.

Since the IAB has no authority to set aside a compromise settlement after it has approved it, a district court was the only forum in which Franco could have the agreement set aside. *Pacific Indemnity Co. v. Woodall,* 253 S.W.2d 490, 492 (Tex. Civ.App.—Fort Worth 1952, writ ref'd). Thus, the declaratory judgment action was an appropriate procedure to effectuate the relief sought.

Indeed, in *Darling v. Panhandle & Santa Fe Ry. Co.,* 209 S.W.2d 660 (Tex.Civ. App.—Amarillo 1948, writ ref'd n.r.e.), this court was presented with an analogous question. In that case, we held that a declaratory judgment action was an appropriate manner in which to determine the ultimate issue as to validity of a settlement agreement between an employer and employee, executed pursuant to work-related injuries. *Id.* at 666. In this case, the compromise settlement agreement in controversy is nothing more than a settlement agreement, similar to that considered by us in the *Darling* case, and its character is not changed by virtue of its entry before, and approval by, the Industrial Accident Board.

In further support of this point, Transportation contends that the rules of common law are applicable to recission and cancellation. This is a true statement. *See e.g., Texas Employers Ins. Ass'n v. Kennedy,* 135 Tex. 486, 143 S.W.2d 583, 586 (Tex. Comm'n App.1940, judgm't adopted). However, the fact that common law rules may be applicable does not preclude a declaratory judgment action in a proper case such as this one. Transportation's second point of error is overruled.

By its third point of error, Transportation contends that Franco's action is barred by the two-year statute of limitations because the claim to set aside the agreement

under the court's general jurisdiction was not asserted until the filing of Plaintiff's First Amended Original Petition in 1988, although the alleged fraud supporting cancellation occurred in 1985.

The two-year limitation period for a cancellation suit begins to run on the date of approval of the compromised settlement agreement by the IAB. *Hollins v. Lone Star Gas Company*, 308 S.W.2d 276, 277 (Tex.Civ.App.—Beaumont 1958, writ ref'd n.r.e.). The IAB approved the agreement on October 31, 1985. Franco's Original Petition was filed on November 19, 1986. In a case originally filed before the expiration of the limitations period, the test to determine barring of the action in the amended petition is "whether the cause of action alleged in the amended petition is wholly based upon and grows out of a new, distinct or different transaction or occurrence." *Harris v. Galveston County*, 799 S.W.2d 766, 769 (Tex.App.—Houston [14th Dist.] 1990, no writ). In this case, the amended and original petitions are identical except for the addition of a second count in the amended petition, which is grounded upon the original factual occurrences. The amended petition relates back to the filing date of the original petition and is within the limitations period.

Furthermore, having determined under point of error number two that the court had jurisdiction under the Act to determine the validity of the agreement, this point is moot since summary judgment was granted on the allegations contained in the original petition for declaratory judgment. Transportation's third point of error is overruled.

In its fourth point of error, Transportation contends that the trial court erred in awarding attorneys' fees because (1) Franco stated no cause of action, (2) the court did not have jurisdiction under the Act to enter judgment, and (3) the award was made directly to Franco's counsel.

The above discussion, under points of error one and two, is dispositive of the first two subpoints.

Transportation's final subpoint poses a rather unique question. In an action such as this, the attorney is not a party to the lawsuit and therefore, judgment cannot be awarded to him. *Fuqua v. Taylor*, 683 S.W.2d 735, 738 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *Accord Grigsby v. Hopkins*, 218 S.W.2d 275, 276 (Tex.Civ.App.—Fort Worth 1949, writ ref'd).

Section 37.009 of the statute provides for the award of attorneys' fees, but does not provide to whom the fees are to be awarded.[2] Other statutes permit the court to award fees directly to the attorney. *See* Tex.Fam.Code Ann. sec. 3.77 (Vernon Supp. 1992). In the absence of specific language, we can only assume that the legislature did not intend for the Act to provide that fees be awarded directly to the attorney, and accordingly, we are unwilling to hold contrary to the accepted practice of awarding attorneys' fees to the prevailing party and allowing the attorney to enforce the award. *Accord Grigsby v. Hopkins, supra.* It was error to make the award in favor of Franco's present attorney. The award should have been made to Franco.

However, pursuant to sec. 37.009, the award of attorneys' fees taxed against Transportation was proper, and they are legally responsible for the amount awarded. Franco's present attorney is entitled to receive the fees awarded and it is immaterial to Transportation how he receives it, whether by order of the court, or by endorsement of a check by Franco, or any other plausible means. Transportation is not harmed by the error of the court in awarding attorneys' fees directly to Franco's counsel. It has long been established in this state that a party may not complain of errors which do not injuriously affect it, or which merely affect the rights of others. *Shell Petroleum Corporation v. Grays*, 131 Tex. 515, 114 S.W.2d 869, 870 (1938);

---

**2.** "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."

Tex.Civ.Prac. & Rem.Code Ann. sec. 37.009 (Vernon 1986).

*McCann v. Brown,* 725 S.W.2d 822, 824–25 (Tex.App.—Fort Worth 1987, no writ). Because the error is harmless, we cannot sustain the point, and Transportation's fourth point of error is overruled.[3]

Franco poses a cross-point that, in the event this court determines the award of attorneys' fees to Franco's present counsel is reversible error, we should reform the judgment to award the fees to Franco. In light of the above ruling, Franco's cross-point is overruled.

Accordingly, the judgment of the trial court is affirmed.

---

3. Our research failed to show any case within this state where, absent clear statutory authority, fees were awarded directly to the party's attorney. Our ruling is in conformity with *Reid v. Reid,* 280 S.C. 367, 312 S.E.2d 724 (South Carolina App.1984).