# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2010

No. 08-20710

Charles R. Fulbruge III
Clerk

INSTITUTIONAL CAPITAL MANAGEMENT INC; DANIEL L RITZ, JR;

Plaintiffs - Appellees

STERLING FINANCIAL INVESTMENT GROUP INC

Plaintiff - Appellee-Cross-Appellant

v.

LEONARD CLAUS;

Defendant - Appellant-Cross-Appellee

and

IMS SECURITIES INC

Defendant - Cross-Appellee

--------------------------------------------------------

STERLING FINANCIAL INVESTMENT GROUP INC

Respondent - Appellee-Cross-Appellant

and

GERARD JOSEPH PEPE; ROBERT LEE HARVEY; INSTITUTIONAL
CAPITAL MANAGEMENT INC; JERRY SHORT; DANIEL L RITZ, JR

Claimants - Appellees

v.

No. 08-20710

LEONARD CLAUS;

                                        Claimant - Appellant-Cross-Appellee

and

IMS SECURITIES INC

                                        Claimant - Cross-Appellee

---

Appeal from the United States District Court
for the Southern District of Texas
Nos: 4:07-CV-2067 & 4:07-CV-2058

---

Before JONES, Chief Judge, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Leonard Claus and IMS Securities appeal the magistrate judge's vacatur of an arbitration award in their favor. For the following reasons, we reverse the court's decision and reinstate the arbitration award.

## I.

Claus and Jerry Short, an employee of Institutional Capital Management (ICM), entered into a verbal agreement to buy and sell bonds. Claus purchased bonds with the intent to sell them to Sterling Financial Investment Group, Inc. (Sterling). The plan fell through and Claus sold the bonds to another party for his original purchase price. Claus subsequently brought suit against Sterling and ICM, alleging negligence, gross negligence, negligent misrepresentation, breach of contract, violations of federal and state securities laws, and violations of federal and state statutory fraud. Claus hired attorney Michael Fallick to represent him on a contingency fee basis.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-20710

The issues were heard by a National Association of Securities Dealers arbitration panel ("the panel"). The panel ruled in Claus's favor, awarding him $25,000 in compensatory damages, and awarding $70,000 in attorney's fees directly to Fallick. The panel also charged Claus $22,000 in arbitration fees, resulting in a net amount to Claus of $3,000. The panel did not specify the basis of its award.

Sterling and ICM filed motions to vacate the award before the district court. The parties consented to proceed before a magistrate judge for all purposes, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). The magistrate judge vacated the award because "the arbitration panel exceeded its authority" when it awarded attorney's fees directly to Fallick in violation of Texas law.

Claus and IMS argue on appeal that the magistrate judge erred in vacating the entirety of the award solely on the basis that the attorney's fees were awarded directly to Fallick. Sterling and ICM argue that this court should affirm the vacatur because the fee award violated Texas law, and partial vacatur would constitute an impermissible modification of the award affecting the merits of the decision. Sterling and ICM alternatively argue that the fee award conflicts with Fallick's contingency fee agreement with Claus and the panel exceeded its authority by overriding the agreement. Sterling and ICM also argue that the fee award was unreasonable. Sterling filed a cross-appeal, arguing that the magistrate judge erred in (1) failing to reverse the award on the basis that Sterling was found vicariously liable for acts of which its employees were exonerated; (2) not awarding costs and fees to Sterling because it was the prevailing party; and (3) failing to reverse the award on the basis that Claus suffered no loss.

No. 08-20710

## II.

This court reviews de novo the vacatur of an arbitration award, but our review of the underlying award is "exceedingly deferential." *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). Section 10 of the Federal Arbitration Act (FAA) provides the exclusive grounds for vacatur of an arbitration award. *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (citing *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1405 (2008)). This court may vacate an award:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of [the parties]; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)–(4). Claus and IMS argue that the panel's award of attorney's fees directly to Fallick was legal error. We need not consider whether the alleged legal error violates the FAA, because there is no reversible legal error in this case. Texas law prohibits the award of fees directly to counsel unless authorized by statute. *See Nu-Way Energy Corp. v. Delp,* 205 S.W.3d 667, 684 (Tex. App.–Waco 2006, pet. denied); *Fort Bend County v. Martin-Simon*, 177 S.W.3d 479, 486 (Tex. App.–Houston [1st Dist.] 2005, no pet.); *Graco, Inc. v. CRC, Inc. of Tex.*, 47 S.W.3d 742, 746-47 (Tex. App.–Dallas 2001, pet. denied); *Transp. Ins. Co. v. Franco*, 821 S.W.2d 751, 755 (Tex. App.–Amarillo 1992, writ denied). However, a party who has been ordered to pay attorney's fees in this manner does not have standing to challenge this aspect of the attorney's fee award. *See*

No. 08-20710

*Martin-Simon*, 177 S.W.3d at 486; *Transp. Ins. Co.*, 821 S.W.2d at 755. It is usually immaterial to the party paying the attorney's fee award how those fees are handled by the prevailing party; therefore any such error is harmless. *Transp. Ins. Co.*, 821 S.W.2d at 755-56. The Appellees are obligated to pay Claus's attorney's fees, regardless of to whom the fees were directed; any alleged error was harmless.

### III.

Appellees also argue that the fee award was unreasonable, relying solely on the disproportionality of the fee award as compared to the small net amount awarded to Claus. A disproportionate fee award is not tantamount to an excessive attorney's fee award under Texas law. *See Gorman v. Countrywood Prop. Owners Ass'n*, 1 S.W.3d 915, 919 (Tex. App.–Beaumont 1999, pet. denied). Appellees make no argument that the evidence Claus submitted to support the fee award was incorrect or unreliable. We will not disturb the arbitration award on this basis.

### IV.

We also decline to vacate the award on the basis of Appellees' cross-appeal. Sterling challenges the award on the substantive grounds that it cannot be held vicariously liable for acts its employees did not commit, and that Claus suffered no losses. "If an award is rationally inferable from the facts before the arbitrator, the award must be affirmed." *Kergosien,* 390 F.3d at 353 (citation omitted). Because the arbitration panel did not state the grounds for its award, the court cannot determine on what basis Sterling was found liable. As noted by the magistrate judge, Sterling could have been liable directly to Claus for securities violations. Further, Claus could have suffered damages in the form of lost

No. 08-20710

opportunities or commissions.  There is a rational basis for the award and we affirm.[1]

Accordingly, the judgment of the magistrate judge is REVERSED, and the arbitrator's award is REINSTATED.

---

[1] Because we find that the arbitration award should be reinstated, we do not reach Appellants' argument that the magistrate judge erred in vacating the entirety of the award.