**AFFIRMED and Opinion Filed October 26, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00179-CV

## IN THE INTEREST OF A.P.N., A CHILD

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-05082**

## OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

This is an appeal from a final decree of divorce in a suit affecting the parent–child relationship. In one issue, Father challenges the trial court's award of attorney's fees to Mother in the divorce decree. We affirm.

## BACKGROUND

Mother and Father were married in 2016, and their only child, A.P.N., was born the following year. Prior to their marriage, Mother and Father signed a pre-marital agreement providing that their pre-marital separate property and any property acquired during the marriage would remain separate.

In March 2018, Mother filed a petition for divorce. Father filed a counter-petition for divorce that May. Relevant here, Mother's petition sought attorney's fees

"[t]o effect an equitable division of the estate of the parties and . . . for services rendered in connection with conservatorship and support of the child." A bench trial was held in July 2019, and the trial court entered the final decree of divorce that November. The divorce decree adjudicated the parties' rights and obligations with respect to A.P.N. and, among other things, ordered Father to pay $14,900 in attorney's fees, with $10,000 of those fees to be paid directly to Mother's counsel. Father appealed. Mother has not filed a response brief.[1]

## DISCUSSION

### A.    Standard of Review

We review a trial court's award of attorney's fees for abuse of discretion. *In re K.M.B.*, 606 S.W.3d 889, 900 (Tex. App.—Dallas 2020, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to any guiding principles. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). But a trial court has no discretion in determining what the law is or applying the law to the facts. *In re N.L.T.*, 420 S.W.3d 469, 473 (Tex. App.—Dallas 2014, pet. denied).

---

[1] When an appellee fails to file a brief, we may take as true the appellant's statement of the facts if they are supported by the record. *See* TEX. R. APP. P. 38.1(g). Father's statement of facts includes the following: (1) Father asserted the validity of a pre-marital agreement in his counter-petition for divorce; (2) the issue of the pre-marital agreement was not addressed at trial; (3) an agreed order subsequent to the entry of the divorce decree found that the pre-marital agreement was valid and enforceable for all purposes; and (4) the divorce decree includes a judgment against Father for attorney's fees in the amount of $14,900. These facts find support in the record, and we will therefore treat them as true. *See id.*

–2–

## B.     Analysis

In his sole issue, Father contends that the trial court abused its discretion in awarding attorney's fees to Mother.[2] Father does not argue that the award is unsupported by evidence. Rather, he argues that because the pre-marital agreement provides for separate property, there was no community property for the trial court to divide and thus no community funds from which attorney's fees could be paid. Although Father does not cite any authority for this argument, it finds support in pre-2013 case law. In *Roever v. Roever*, for example, we held: "Other than the court's equitable power to award attorney's fees in dividing the community property, the trial court cannot award attorney's fees in a divorce action." 824 S.W.2d 674, 676 (Tex. App.—Dallas 1992, no writ) (citing *Chiles v. Chiles*, 779 S.W.2d 127, 129 (Tex. App.—Houston [14th Dist.] 1989, writ denied), *disapproved of on other grounds by Twyman v. Twyman*, 855 S.W.2d 619 (Tex. 1993)). In *Chiles*, the Fourteenth Court of Appeals similarly explained:

> The trial court does not have inherent authority to award attorney's fees in a divorce action. In the absence of statutory authority or the consent of the litigant, a court may not award attorney's fees to a party. *Grigsby v. Hopkins*, 218 S.W.2d 275, 276 (Tex. Civ. App.—Fort Worth 1949, writ ref'd). The Texas Civil Practice and Remedies Code provides for recovery of reasonable attorney's fees if the claim is for rendered services, performed labor, furnished material, freight or express overcharges, lost or damaged freight or express, killed or injured stock, a sworn account, or an oral or written contract. TEX. CIV. PRAC. & REM. CODE § 38.001 (Vernon 1986). Attorney's fees in a divorce action are

---

[2] Mother's failure to file a brief does not operate as an admission of Father's issues; we must still review the merits of Father's issues to determine whether reversal is warranted. *See Yeater v. H-Town Towing LLC*, 605 S.W.3d 729, 731 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

not permitted by any other statute. However, in a divorce suit the court may award either spouse his or her attorney's fees as part of the court's equitable powers to make a just and fair division of the marital estate. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950) and *Austin v. Austin*, 619 S.W.2d 290, 292 (Tex. Civ. App.—Austin 1981, no writ). Other than the court's equitable power to divide the community property, we can find no other authority for a trial court to award attorney's fees to one party in a divorce action. Because we have found that there was no community property estate, the award of attorney[']s fees was error.

*Chiles*, 779 S.W.2d at 129. Thus, the basis for the rule against fee shifting in divorce cases at the time we issued our opinion in *Roever* was lack of statutory authority.

In 2013, however, the Texas Legislature amended Section 6.708 of the Family Code to add subsection (c), which provides:

In a suit for dissolution of a marriage, the court may award reasonable attorney's fees and expenses. The court may order the fees and expenses and any postjudgment interest to be paid directly to the attorney, who may enforce the order in the attorney's own name by any means available for the enforcement of a judgment for debt.

TEX. FAM. CODE ANN. § 6.708(c). As the First Court of Appeals recently noted in addressing the same argument Father makes here, "Section 6.708(c) contains no requirement that, in setting the amount of an attorney's fees award in a divorce proceeding, the trial court must take into account the value of the community estate and may not award attorney's fees in an amount that exceeds the value of the community estate." *In re Marriage of Comstock*, 639 S.W.3d 118, 142 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Rather, "the only qualifier on the award contained

in the statutory language is that the attorney's fees awarded must be 'reasonable.'"[3]
*Id.* at 142–43.

We agree with our sister court. Under Section 6.708(c), a trial court may award attorney's fees even if there is no community estate to divide. *See id.* We conclude that the trial court did not abuse its discretion in awarding Mother attorney's fees.

We overrule Father's sole issue and affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200179F.P05

---

[3] We were not asked, and therefore do not opine on, whether the awarded fees were reasonable under applicable standards. *See generally Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019).



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

In the Interest of A.P.N., a child

No. 05-20-00179-CV

On Appeal from the 330th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-18-05082. Opinion delivered by Justice Goldstein. Justices Pedersen, III and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Erica de Carvalho Vitor recover her costs of this appeal from appellant Jason Ronald Newburg.

Judgment entered this 26th day of October 2022.