**Ruby ROWDEN d/b/a the Aloha Motel, Appellant,**

v.

**TEXAS CATASTROPHE PROPERTY INSURANCE ASSOCIATION, Appellee.**

**No. 13–83–467–CV.**

Court of Appeals of Texas, Corpus Christi.

June 14, 1984.

Rehearing Denied Aug. 31, 1984.

William H. Berry, Jr., John Pichinson, Corpus Christi, for appellant.

David C. Duggins, Austin, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is a case involving the interpretation of the Texas Catastrophe Property Insurance Pool Act, TEX.INS.CODE ANN. art. 21.49 (Vernon 1981). Appellant, Ruby Rowden, d/b/a The Aloha Motel, appeals from an order of the trial court dismissing, without prejudice, plaintiff's (appellant's) cause of action against appellee, Texas Catastrophe Property Insurance Association (hereinafter TCPIA) for want of jurisdiction. Appellant had sued appellee in Nueces County, Texas, in contravention of the

statute requiring such cases to be filed in Travis County. We affirm the judgment of the trial court.

On August 9, 1980, during Hurricane Allen, appellant sustained a loss to her business property known as The Aloha Motel, located on North Beach in Nueces County, Texas. The property was insured under a policy purchased through a local agency, Whitney-Vaky Insurance Agency, Inc., and issued by TCPIA. Appellant made claim on appellee under its windstorm and hail policy. Pursuant to an investigation report conducted by an independent adjustment agency, appellee made an offer to settle appellant's claim which was rejected by appellant. When adjustment of the claim and compromise negotiations failed, appellant brought suit against TCPIA, together with Whitney-Vaky, in Nueces County, Texas. Appellant alleged that certain representations and acts made by both appellee and Whitney-Vaky, combined with their denials of liability, amounted to deceptive trade practices subjecting them to treble damages and attorney's fees.

Appellee responded by a denial of appellant's allegations and by filing a Plea to the Jurisdiction, pointing out that appellant had neither pursued nor exhausted her statutory administrative remedy provided by TEX. INS.CODE ANN. art. 21.49, section 9 (Vernon 1981). Appellant filed her Answer to the Plea to the Jurisdiction, alleging that Art. 21.49, as applied under TEX.INS. CODE ANN. art. 1.04(f) (Vernon 1981), had no application in the determination of the subject matter jurisdiction of the court in the present case. The trial court sustained appellee's Plea to the Jurisdiction and dismissed the suit without prejudice as to appellee. Appellant's cause of action against her agent, Whitney-Vaky, was severed, making the dismissal as to appellee final and appealable.

Appellant presents six points of error on appeal. First, appellant contends that the trial court erred in dismissing her cause of action because the trial court had jurisdiction and venue of the case. In point of error number three, she contends that the trial court erred in dismissing her cause filed in Nueces County, Texas, because the language of art. 21.49, section 9 is "permissive" and not "mandatory" that the case be brought in Travis County, Texas.

Appellant's initial argument under these points is that the district court acquired jurisdiction in this case under various provisions of TEX.REV.CIV.STAT.ANN. art. 1995 (Vernon 1964) and TEX.BUS. & COM. CODE ANN. sec. 17.56 (Vernon Supp. 1984). These statutes, relied upon by appellant, are venue statutes; and the order on appeal does not concern venue. Rather, we agree with appellee's assertion that the subject of the order on appeal, and the issue before this Court, is the subject matter jurisdiction of the district court over appellant's suit against appellee.

Appellee, TCPIA, was created by the legislature under the "Texas Catastrophe Property Insurance Pool Act" (hereinafter Act), and is codified in art. 21.49, section 4(a), of the Texas Insurance Code. Appellee's membership consists "of all property insurers authorized to transact property insurance in this State, except those companies that are prevented by law from writing coverages available through the pool on a Statewide basis." *Id.* sec. 4(a). The purpose of the Act is "to provide a method whereby adequate windstorm, hail and fire insurance may be obtained in certain designated portions of the State of Texas," i.e., the high-risk area comprised of the first tier of counties along the Gulf Coast. *Id.* sec. 1. As stated in section 1 of the Act, action by the Legislature was deemed necessary because private insurance companies were refusing to insure property located in this designated area due to the increased risk of losses by hurricane. The Legislature envisioned that, without such insurance, the growth and development of the State of Texas would be severely impeded. *Id. See Beacon National Insurance Co. v. Texas State Board of Insurance,* 582 S.W.2d 616 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.) *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 33.

■ The Act provides that, after its effective date, the temporary board of directors of the appellee association shall submit to the State Board of Insurance (hereinafter Board) for review and approval a proposed plan of operation. *Id.* sec. 5(d). The Act makes it clear that the State Board of Insurance shall oversee and control the appellee association by providing that the Board may issue any necessary orders to carry out the purposes of the Act, including, but not limited to, maximum rates, competitive rates and policy forms. *Id.* sec. 5A. Section 6(a) of the Act provides, in part, that any person having an insurable interest in insurable property located in an area designated by the Board shall be entitled to apply to appellee for such insurance. Appellee has no agents of its own, but is required by the Act to honor applications submitted on behalf of an applicant by a Local Recording Agent on forms prescribed by appellee association. If appellee determines that the property is insurable, appellee is directed to issue a policy of insurance upon payment of premium.

Appellee contends that section 9 of the Act is determinative of this appeal. It provides, in pertinent part:

Any person insured pursuant to this Act, or his duly authorized representative, or any affected insurer who may be aggrieved by an act, ruling or decision of the Association, may, within 30 days after such act, ruling or decision, appeal to the Board ... The Board shall hear the ... appeal from an act, ruling or decision of the Association, within 30 days after receipt of such ... appeal and shall give not less than 10 days' written notice of the time and place of hearing to the ... person ... appealing from the act, ruling or decision of the Association. Within 30 days after such hearing, the Board shall affirm, reverse or modify ... the act, ruling or decision appealed to the Board. Pending such hearing and decision thereon, the Board may suspend or postpone the effective date of its previous rule or of the act, ruling or decision appealed to the Board. The Association, or the person aggrieved by any order or decision of

the Board may thereafter appeal to the *District Court of Travis County, Texas, and not elsewhere, in accordance with Article 1.04(f) of the Insurance Code of Texas.* (Emphasis added.)

Article 1.04(f) of the Insurance Code provides for a trial de novo in the District Court of Travis County, Texas, "and not elsewhere," after failing to get relief from the Board. Article 1.04(f) further provides that either party to said action may resort to the Appellate Court having jurisdiction of said cause.

■ Where a cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable. *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926); *see Smith v. Stephenson*, 641 S.W.2d 900 (Tex.1982); *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887 (Tex.1968).

■ The right to appeal from an administrative ruling to the courts does not exist unless specifically granted by statute. *Stanfield v. Texas Department of Public Safety*, 422 S.W.2d 14 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.). When the legislature prescribes a method for judicial review of administrative action, the method must be followed to confer jurisdiction on the court.

■ The statute is permissive only to the extent that it grants an appeal to the Board, with a subsequent de novo review by a specified district court. The statute does not impose an obligation to appeal. The legislative use of the word "may" in section 9 gives the aggrieved insured the option to exercise his statutory right to appeal TCPIA's decision. However, such an appeal must be pursued according to the terms of the statute granting that right. *Mingus v. Wadley*, 285 S.W. at 1087.

■ In the present case, appellant did not follow the statutory procedure for review provided in section 9 of the Act. Ap-

pellant brought suit in the district court of Nueces County before initiating any proceeding at the Board. Appellant did not exhaust her administrative remedies as she was required to do. *Texas Catastrophe Property Insurance Assoc. v. Miller*, 625 S.W.2d 343, 347 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd w.o.j.). Appellant may not bypass the administrative review process mandated by the statute under which she procured her TCPIA policy. *See Texas Air Control Board v. Travis County*, 502 S.W.2d 213 (Tex.Civ.App. —Austin 1973, no writ).

■ Furthermore, section 9 provides that if a person is aggrieved by a decision of the Board, he may thereafter appeal to the District Court of Travis County, Texas, *and not elsewhere.* (Emphasis added.) This statutory provision for place of trial is jurisdictional and not merely a permissive venue provision. *Texas Catastrophe Property Insurance Assoc. v. Miller*, 625 S.W.2d at 346; *see Birmingham Fire Insurance Company of Pennsylvania v. Winegardner and Hammons, Inc.*, 714 F.2d 548 (5th Cir.1983); *Carter v. Dean*, 660 S.W.2d 866 (Tex.App.—Austin 1983, no writ). Appellant's suit may only be brought in Travis County, Texas. Appellant's first and third points of error are overruled.

■ In point of error number two, appellant complains of the trial court's severance and dismissal of her suit against appellee from her action against her agent, Whitney-Vaky. We note that the combined argument and authorities under appellant's first three points of error do not even address her complaint regarding severance. Appellant had the burden of showing reversible error; and, in order to do so, she must cite authority which supports her position. Tex.R.Civ.P. 418(e). Appellant's second point of error is not supported by arguments and authorities and is, therefore, waived. *Leckey v. Warren*, 635 S.W.2d 752 (Tex.App.—Corpus Christi 1982, no writ); *Interest of T.L.H.*, 630 S.W.2d 441 (Tex.App.—Corpus Christi 1982, writ dism'd); *Hatch v. Davis*, 621

S.W.2d 443 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.).

■ Even if the point of error had been properly briefed, it would be overruled. Tex.R.Civ.P. 41 provides for a severance. The trial court will not be reversed because of the granting of a severance absent an abuse of discretion. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677 (1956); *County of Nueces v. Svajda*, 608 S.W.2d 752 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *Pitts v. Ashcraft*, 586 S.W.2d 685 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Appellant has neither alleged nor established an abuse of discretion by the trial court in severing her causes of action, and we find none.

In her fourth point of error, appellant contends that, in this case, there was no act, ruling or decision of appellee from which she could appeal within the thirty-day period to the Board. Appellant contends that appellee's continued refusal to pay on her claim merely constituted an omission on appellee's part. Appellant concludes that there was ample basis for a finding by the trial court that there was no act, ruling, or decision by appellee subject to an administrative appeal and, therefore, no requirement that she exhaust her administrative remedy as a prerequisite to filing this suit. We disagree.

■ Appellant requested no findings of fact or conclusions of law, and none were filed. In the absence of findings of fact and conclusions of law, all disputed questions of fact are presumed found in support of the judgment. *In the Interest of W.E.R.*, 669 S.W.2d 716 (Tex.1984); *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). Appellant admitted receipt of a letter from appellee clearly rejecting appellant's demand for appraisal because appellant had not submitted the sworn proof of loss, and the time for filing same under the policy had expired. Even if the letter was not considered an act, ruling or decision from which appellant had the right to appeal, appellee's original answer to appellant's suit, in which her allegations were denied

and prayer made that she take nothing, constituted a denial of her claim. *See Miles v. Royal Indemnity Co.*, 589 S.W.2d 725, 737 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Fidelity & Casualty Company of New York v. Jefferies*, 545 S.W.2d 881, 886 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). Clearly, there existed an act, ruling or decision by appellee subject to appeal to higher administrative authority.

■ Next, appellant complains that appellee did not notify her of her statutory right to appeal to the Board. Appellee admitted that the TCPIA policy did not contain a provision outlining the administrative procedure that is to be followed for an appeal of a TCPIA decision.[1] Section 9 of the Act constitutes notice to appellant of her right to appeal. Like all citizens of Texas, appellant and her attorneys were charged with notice of the statutory law. *See Texas Catastrophe Property Insurance Association v. Miller*, 625 S.W.2d at 346–47. Furthermore, appellee's answer to appellant's suit was accompanied by a Plea to the Jurisdiction, which notified appellant of her mandatory appeal to the Board pursuant to section 9 of the Act. Appellant's fourth point of error is overruled.

In point of error number five, appellant contends that the Act which created TCPIA is unconstitutional under the Fifth and Fourteenth Amendments of the United States and Texas Constitution. Apparently, appellant's argument is that because appellee failed to give appellant notice of a right to appeal to the Board, she will be deprived of property "without due process of law," unless permitted to pursue her cause of action in Nueces County, Texas. Appellant then cites United States Supreme Court decisions holding that due process under the Fourteenth Amendment requires "notice and opportunity for a hearing" before property interests can be affected by adjudication.

■ Appellee correctly points out that the statute mandates that, *once a hearing is requested* (emphasis added) by an aggrieved party, the Board must hear the appeal within thirty days after receipt of such appeal and *shall* give not less than ten days' written notice of the hearing. Art. 21.49, section 9; *see* TEX.REV.CIV. STAT.ANN. art. 6252–13a (Vernon Supp. 1984). Appellant was, in fact, provided with notice of the right to request a hearing before the Board by the statute itself and appellee's Plea to the Jurisdiction. Appellant admitted that she had instituted no proceeding before the Board in connection with her loss. Appellant was not given notice of a hearing because she has not yet requested a hearing.

■ Appellant next argues that her administrative remedy is inadequate because the time limit for instituting the administrative process (i.e., thirty days after such act, ruling or decision by appellee) has expired. The issue as to whether appellant's time period for appeal to the Board has expired is best determined by the Board.[2] Even assuming that the time limit has expired, this does not establish that the remedy is inadequate. Rather, it merely indicates that appellant failed to pursue an adequate remedy. We hold that Section 9 of the Act is not invalid as a deprivation of property without due process simply because appellant failed to follow the statutory procedures.

Further, we find that appellant has not established an exception to the principle of exhaustion of administrative remedies because the remedies available to appellant were not so inadequate, such that she could

---

1. Mr. Frank R. Rogers, Jr., loss manager for appellee, stated in his deposition that, after the *Miller* decision in May 1981, appellee began to notify insureds of their appeal remedies to the Board, and then to the District Court in Travis County, Texas.

2. During oral arguments, appellee's attorney informed this Court that the Board has been somewhat lenient in accepting insureds' arguments that their time limit did not begin to run until they were told they had a right to appeal to the Board. Appellee's attorney also stated that the Board is still setting hearings for claims arising out of Hurricane Allen.

first resort to the courts. *See Texas Catastrophe Property Insurance Association v. Miller,* 625 S.W.2d at 347; *Texas State Board of Pharmacy v. Walgreen Texas Co.,* 520 S.W.2d 845 (Tex.Civ.App.— Austin 1975, writ ref'd n.r.e.). Point of error number five is overruled.

■ In point of error number six, appellant contends that the administrative remedy granted by Section 9 of the Act does not extinguish her common-law remedy, since the Act does not expressly so state. In support of this argument, appellant asserts that certain language of the policy issued by appellee and approved by the Board provides for an alternative suit by the policyholder. This same argument was rejected by the *Miller* Court, 625 S.W.2d at 346–47. The procedure for appeal detailed by the Act is mandatory and jurisdictional and cannot be waived by a general provision in the insurance policy. *Id.* at 347.

Appellant also attempts to support her common-law theory by comparing the Act in question with the Worker's Compensation statute where the legislature did extinguish common-law rights of action and provided that the statutory remedy created would be the exclusive remedy. TEX.REV. CIV.STAT.ANN. art. 8306, Sec. 3 (Vernon Supp.1984). This comparison is not analogous to this case.

■ TCPIA itself and the State's entire scheme for providing property insurance in catastrophe-prone areas along the Gulf Coast are creatures of statute; i.e., legislative enactment. There exists no common law or private contractual rights which the statute can abrogate. The State of Texas has created a comprehensive and unified scheme for the property insurance acquired by appellant and has expressly provided a remedy for such policyholders who consider themselves aggrieved. Art. 21.49, Sec. 9. Appellant may not enforce a statutory right against a statutory entity without complying with the statute which created that right. *See Mingus v. Wadley,* 285 S.W. at 1087. Point of error number six is overruled.

We would point out that appellant is not prevented from pursuing her claim with the Board. If the Board finds that her appeal is untimely, or if appellant is dissatisfied with the Board's disposition of her claim on the merits, she is then entitled by statute to a trial de novo in a District Court of Travis County, Texas.

The judgment of the trial court is affirmed.