**Soledad DUENAS, Appellant,**

v.

**GARLAND INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 05–95–01578–CV.**

Court of Appeals of Texas, Dallas.

Nov. 27, 1996.

Dale B. Tillery, Tillery & Tillery, Dallas, for Appellant.

Paul D. Rich, Rich & Alonzo, P.C., Dallas, John M. Skrhak, Jr., Looper Reed Mark & McGraw, Inc., Dallas, for Appellee.

Before MORRIS, JAMES and WOLFE, JJ.

WOLFE, Justice.

The principal issue in this summary judgment case is whether Soledad Duenas is entitled to a judicial declaration that a compromise settlement agreement (CSA) relating to her workers' compensation claim is void because Duenas did not personally sign the CSA as required by rules promulgated by the Texas Workers' Compensation Commission (TWCC). *See* 28 TEX. ADMIN. CODE § 55.20 (West 1996). We answer that issue in the affirmative and, in so doing, reverse the trial court's summary judgment in favor of Garland Independent School District

(GISD), render judgment in part in favor of Duenas, and remand this matter to the trial court for further proceedings not inconsistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Soledad Duenas was employed by GISD as a custodian. In August 1989, she suffered an on-the-job back injury. Duenas retained Domingo Garcia and the law firm of Garcia, Alonzo, and Garcia (hereafter collectively referred to as "Garcia") to represent her in a workers' compensation claim. She signed a contract with Garcia that provided, among other things:

3. Client specifically authorizes attorney to sign client's name to all instruments, including checks, necessary to perfect or close any claim or suit as well as to sign in the prosecution of this claim.

4. No settlement of this claim will be made without the consent of both client and attorney.

Garcia began settlement discussions with GISD. Eventually, Garcia negotiated a CSA that provided for a lump sum payment of $17,000 plus eighteen months of future medical. Texas Employers Insurance Association, the servicing contractor for GISD, prepared a CSA and forwarded it to Garcia to obtain Duenas's signature. Maria Vasquez, a member of Garcia's staff, signed Duenas's name to the CSA. GISD asserts that Vasquez signed Duenas's name pursuant to the power of attorney contained in the attorney-client contract *and* with express authorization from Duenas. Duenas disputes the assertion that she gave Garcia or any member of his staff permission to sign her name to the CSA. She also disputes that she was aware of the terms of the CSA.

After Vasquez signed Duenas's name to the CSA, the document was forwarded to the TWCC where it was routinely approved. Thereafter, a check representing the lump sum portion of the CSA was forwarded to Duenas. Duenas did not cash or negotiate the check or otherwise accept the benefits of the CSA. Instead, Duenas discharged Garcia and retained new counsel. Her new counsel informed the TWCC that the CSA was not personally signed by Duenas as required by TWCC administrative rules. Duenas requested that the TWCC award be set aside. The TWCC responded that it does not have authority to set aside a CSA. To obtain such relief, according to the TWCC, Duenas had to file suit in a court of competent jurisdiction. Thereafter, Duenas filed this action against GISD under the Uniform Declaratory Judgments Act. GISD impleaded Garcia into the suit seeking, among other things, indemnification for any additional amounts that Duenas may be entitled to recover on her workers' compensation claim over and above the amount contained in the CSA.

GISD and Duenas both moved for summary judgment. GISD's motion asserted that pursuant to common-law rules regarding rescission of a contract, the CSA could not be set aside absent a showing that GISD (as opposed to Garcia) made a misrepresentation to induce Duenas to settle her claim. Duenas answered GISD's motion and asserted in her own motion that, as a matter of law, the CSA was void because Duenas did not personally sign it as required by TWCC administrative rules.

The trial court granted GISD's motion and denied Duenas's. In granting GISD's motion, the trial court, in effect, let stand the CSA. Therefore, the trial court dismissed as moot GISD's third-party claim for indemnity against Garcia.

### SUMMARY JUDGMENT STANDARD OF REVIEW

█ The function of summary judgment is not to deprive a litigant of the right to a full hearing on the merits of any real issue of fact but to eliminate patently unmeritorious claims and untenable defenses. *Jensen Constr. Co. v. Dallas County*, 920 S.W.2d 761, 767 (Tex.App.—Dallas 1996, writ denied). In reviewing a summary judgment, we apply the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary

judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ In this case, the trial court granted GISD's motion for summary judgment and denied Duenas's motion. Generally, an order denying a summary judgment is not appealable because it is an interlocutory order. *Jensen Constr. Co.,* 920 S.W.2d at 767. However, an exception exists when both parties move for summary judgment on the entire case, and the court grants one of the motions and overrules the other. *See Members Mut. Ins. Co. v. Hermann Hosp.,* 664 S.W.2d 325, 328 (Tex.1984). Therefore, we review both the granting of GISD's motion as well as the denial of Duenas's motion.

## DECLARATORY JUDGMENTS ACT

■ The TWCC has no authority to set aside a CSA after it has formally approved it. *See Pacific Indem. Co. v. Woodall,* 253 S.W.2d 490, 492 (Tex.Civ.App.—Fort Worth 1952, writ ref'd). The Declaratory Judgments Act provides that a "person interested under a . . . written contract, or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument . . . or contract . . . and obtain a declaration of rights, status, or legal relations thereunder." Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a) (Vernon 1986). Duenas is a person interested in and affected by the CSA. She is, therefore, entitled to seek a judicial declaration regarding the validity of the CSA, even if she is not alleging wrongful conduct on the part of GISD. *See Transportation Ins. Co. v. Franco,* 821 S.W.2d 751, 754 (Tex.App.—Amarillo 1992, writ denied).

## GISD'S MOTION FOR SUMMARY JUDGMENT

■ GISD characterizes Duenas's claim as an allegation of fraud against Garcia, her former attorney. In an action to set aside a compromise settlement agreement on grounds of fraud or mistake, common-law rules relating to suits for rescission and cancellation apply. *Mackintosh v. Texas Employers Ins. Ass'n,* 486 S.W.2d 148, 152 (Tex. Civ.App.—Dallas 1972, writ ref'd n.r.e.). At common law, according to GISD, a party may not rely on the fraudulent conduct of his or her own agent or representative to set aside a CSA, but instead must show fraudulent conduct of the insurer. *See Rough v. Southwestern Bell Tel. Co.,* 426 S.W.2d 579, 582 (Tex.Civ.App.—Dallas 1968, writ ref'd); *Bullock v. Texas Employers Ins. Ass'n.,* 254 S.W.2d 554, 556 (Tex.Civ.App.—Dallas 1952, writ ref'd). The trial court agreed with GISD's position and granted GISD summary judgment on the basis that Duenas failed to show that GISD made a misrepresentation to induce her to settle her workers' compensation claim.

We disagree with GISD's argument that a compromise settlement agreement cannot be set aside absent an allegation of wrongful conduct on the part of the workers' compensation insurance carrier. Neither *Rough* nor *Bullock* were brought pursuant to the Declaratory Judgments Act and neither involved a fact situation such as the one presently before the Court where a CSA was submitted to and approved by the TWCC in violation of TWCC rules and regulations. We have not located any cases squarely on point. The case with the most similar fact pattern is *Transportation Insurance Co. v. Franco.* Franco, after being injured on the job, filed a workers' compensation claim against Transportation Insurance. Franco unwittingly signed a settlement agreement after being misled by his attorney as to the nature of the document. The agreement was approved by the Industrial Accident Board without Franco's knowledge. Franco, however, received no proceeds from the settlement. Franco filed a declaratory judgment action against Transportation Insurance seeking to have the agreement declared void. The trial court granted Franco's motion for summary judgment and declared the agreement void. Transportation Insurance appealed claiming that Franco neither alleged nor proved any wrongful conduct against it.

In response to that argument, the Amarillo Court of Appeals observed: The carrier mis-

construed the basis for the declaratory judgment action and confused it with a separate cause of action against the claimant's first attorney. The worker may have had a separate cause of action against his first attorney based upon his handling of the compensation claim. Although such an action would be supported by the same facts as the declaratory judgment action, the claimant's remedy against his first attorney was separate and distinct. The Industrial Accident Board had no authority to set aside a compromise settlement agreement after having approved that agreement; a district court was the only forum in which the claimant could have the agreement set aside. The declaratory judgment action was an appropriate procedure to effectuate the relief sought. It was not necessary that the claimant state a cause of action against the carrier in order to seek a declaration from the court that the agreement was invalid. *Franco*, 821 S.W.2d at 753–54.

In accord with *Franco*, we hold that a trial court may set aside a compromise settlement agreement even if the injured worker does not allege wrongful conduct on the part of the workers' compensation carrier. Therefore, we reverse the trial court's summary judgment in favor of GISD, which was granted on the sole ground that Duenas did not make any allegation of wrongful conduct against GISD.

## DUENAS'S MOTION FOR SUMMARY JUDGMENT

█ Next, we address whether the trial court erred in denying Duenas's motion for summary judgment. Duenas moved for summary judgment on the grounds that the CSA was void because it was submitted and approved in violation of TWCC administrative rule 55.20, which provides:

A compromise settlement agreement must be signed by the claimant personally unless sufficient good cause is found by the board to excuse strict compliance with this section. Only in extraordinary circumstances will the board approve a compromise settlement agreement in which the attorney signs the claimant's name under a power of attorney.

28 TEX. ADMIN. CODE § 55.20 (West 1996). GISD acknowledges that Duenas did not personally sign the CSA, and there is no allegation that extraordinary circumstances existed to excuse strict compliance with section 55.20. Instead, GISD argues that Duenas was not entitled to summary judgment because nothing in the rules and regulations of the TWCC or the Texas Workers' Compensation Act mandates that noncompliance with section 55.20 can serve to render a compromise settlement agreement void and unenforceable. We reject GISD's argument.

The Legislature authorized the TWCC to adopt rules as necessary for the implementation and enforcement of workers' compensation laws. *See* TEX. LABOR CODE § 402.061 (Vernon 1996). The TWCC, in turn, adopted rules of practice and procedure. *See* 28 TEX. ADMIN. CODE §§ 41.1–181.1 (West 1996) Valid rules and regulations promulgated by an administrative agency acting within its statutory authority have the force and effect of legislation. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976); *Galacia v. Texas Employers' Ins. Ass'n*, 348 S.W.2d 417, 420 (Tex.Civ.App.— Waco 1961, writ ref'd n.r.e.) (rules made by Industrial Accident Board have force and effect of law).

In interpreting an administrative rule, the prime object is to ascertain and to give effect to the intent of the rule or regulation. *Lewis*, 540 S.W.2d at 310. By adopting section 41.5, which provides "[a]ll parties seeking any action of the board *shall* comply with these rules . . . ," the TWCC expressed its intent that compliance with all its rules is mandatory. 28 TEX. ADMIN. CODE § 41.5 (West 1996) (emphasis added).

Further, Duenas argues, and we agree, that the TWCC intended injured workers and their attorneys to comply strictly with section 55.20 so as to avoid, to the extent possible, situations such as this one where the injured worker disputes that she agreed to the terms of the CSA. Texas courts historically have strictly enforced the statutory provisions of the Texas Workers' Compensation Act that govern agreements which purport to settle an injured worker's claim. *See American Employers Ins. Co. v. Due*, 166

S.W.2d 160, 161 (Tex.Civ.App.—Beaumont 1942, writ ref'd w.o.m.). Moreover, rules should be given a sensible, accurate, and fair construction. To hold that noncompliance with section 55.20 does not affect the validity of the CSA would effectively nullify the rule. We hold, therefore, that compliance with section 55.20 is mandatory. Because it is undisputed that the CSA was not in compliance with section 55.20, we conclude that the trial court erred in denying Duenas's motion for summary judgment. Our holding, however, is limited to the facts of this case where Duenas did not accept the benefits of the CSA. Because we conclude the trial court should have granted Duenas's motion for summary judgment, we render judgment that the compromise settlement agreement purportedly entered into between Duenas and GISD is void.

## ATTORNEY'S FEES

Duenas also argues that the trial court erred in failing to grant that portion of her motion for summary judgment wherein she requested attorney's fees. The Declaratory Judgments Act provides that a court may award costs and reasonable and necessary attorney's fees as are equitable and just. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). The decision to grant or deny attorney's fees is within the trial court's sound discretion. *McLendon v. McLendon,* 862 S.W.2d 662, 672 (Tex.App.—Dallas 1993, writ denied). Because the trial court denied Duenas's motion for summary judgment, it did not rule on her claim for attorney's fees. We remand Duenas's claim for attorney's fees to the trial court for its further consideration.

## THIRD-PARTY CLAIM AGAINST GARCIA

When the trial court granted GISD's motion for summary judgment, it dismissed GISD's third-party claim against Garcia on the grounds that it was moot. In a cross-point of error, GISD argues that if the summary judgment in favor of GISD is reversed then its claim against Garcia should be reinstated. This cross-point is not properly before this Court. GISD did not file a perfect-ing instrument as required by Texas Rule of Appellate Procedure 40; therefore, GISD has not perfected an appeal against Garcia and its cross-point is dismissed for want of jurisdiction. *See, e.g., Hexcel Corp. v. Conap, Inc.,* 738 S.W.2d 359, 361 (Tex.App.—Fort Worth 1987, writ denied) (noting that appellee who was third party plaintiff at trial court had to perfect independent appeal against fourth party defendant).

## CONCLUSION

In summary, we reverse the trial court's summary judgment in favor of GISD. We render judgment that the compromise settlement agreement purportedly entered into between Soledad Duenas and Garland Independent School District relating to workers' compensation claim number 89–160917–D1 concerning Duenas's injury of August 21, 1989 is void. GISD's cross-point against Garcia is dismissed for want of jurisdiction. This matter is remanded to the trial court for consideration of Duenas's claim for attorney's fees and for other proceedings not inconsistent with this opinion.