**TEXAS GENERAL INDEMNITY CO., Appellant,**

v.

**Charles EISLER and Texas Workers' Compensation Commission, Appellees.**

No. 01–97–00967–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 10, 1998.

Rehearing Overruled Oct. 15, 1998.

Kenneth J. Bower, Galveston, Katie Flahive, Austin, James R. Ansell, Galveston, Patrice Pujol, Galveston, for appellants.

Russell G. Burwell, Texas City, Harry Deckard, Austin, for appellees.

Before MIRABAL, HEDGES and ANDELL, JJ.

· OPINION

ANDELL, Justice.

Appellee Eisler filed a workers' compensation claim alleging that he suffered from a work-related hearing loss from his employment with Amoco for over 23 years. The Texas Workers' Compensation Committee (TWCC) ordered appellant Texas General Indemnity Corporation (TGI) to pay Eisler

nine weeks of impairment income benefits for his three percent impairment rating. The TWCC appeals panel upheld the decision. TGI filed two suits: one against Eisler in Galveston County, and one against Eisler and TWCC in Travis County. The trial court granted Eisler's motion to transfer and consolidate the Travis County case with the Galveston case. Both parties filed summary judgment motions. The trial court affirmed the TWCC's award, granted Eisler's and TWCC's summary judgment motions, and denied TGI's summary judgment motion. In the sole issue presented, TGI complains that Eisler was not eligible for impairment income benefits because he had not been disabled for at least seven days as required by TEX.LAB.CODE.ANN. § 408.082 (Vernon 1996) and that TWCC had exceeded its rulemaking authority by enacting rule 130.8, which contradicts the requirements of the section 408.082. We affirm.

## VENUE

■ As a preliminary matter, TWCC argues that the Galveston County district court did not have jurisdiction to hear TGI's attack on the rules promulgated by an administrative agency. TWCC relies on TEX. GOV'T CODE ANN. § 2001.038(b) (Vernon Supp.1998), which states that a challenge to a rule may be brought only in a Travis County district court. TGI argues on appeal that venue was proper in the county where the employee resided on the date the disability began. TEX.LAB.CODE.ANN. § 410.252(b)(2) (Vernon 1996).

### Applicable Law

Under the Workers' Compensation Act, judicial review of issues other than compensability and eligibility for, or amount of, or amount of income or death benefits is governed by chapter 2001 of the Government Code. TEX.LAB.CODE.ANN. §§ 410.255, 410.310 (Vernon 1996). "Unless otherwise provided by statute . . ., the petition must be filed in a Travis County district court." TEX. GOV'T CODE ANN. § 2001.176(b) (Vernon Supp.1998). A party challenging an appeals panel decision involving compensability or eligibility for, or amount of, an income or death benefit may

bring suit in either the county where the employee resided at the time of the accident, the county where the employee resided on the date the disability began, or any county agreed upon by the parties. TEX.LAB.CODE. ANN. § 410.252(b) (Vernon 1996).

### Analysis

In both of TGI's actions, it alleged that the appeals panel erred in awarding damages to Eisler because he was not eligible for income benefits under the Texas Workers' Compensation Act. Sections 410.251 and 410.310 state that judicial review of appeals panel decisions is controlled by chapter 2001 of the Government Code *except* for the issue of eligibility for benefits. TEX.LAB.CODE.ANN. § 410.310 (Vernon 1996). Because the issue before the trial court was Eisler's eligibility for impairment income benefits, section 410.252 controls, as opposed to chapter 2001 of the Government Code. Because Eisler lived in Galveston County at the time his disability began, Galveston County was a proper venue for the action.

## IMPAIRMENT INCOME BENEFITS

In both its petition against Eisler and its petition against TWCC and Eisler, TGI argues that there is a conflict between TEX.LAB. CODE.ANN. § 408.082 (Vernon 1996) and the administrative rule 130.8, 28 TEX.ADMIN.CODE § 130.8 (West 1997), enacted by the TWCC. Specifically, section 408.082(a) states, "Income benefits may not be paid under this subtitle for an injury that does not result in disability for at least one week." TEX.LAB. CODE.ANN. § 408.082(a) (Vernon 1996). The TWCC's administrative rule states, "Impairment income benefits accrue on the day after the injured employee reaches maximum medical improvement, regardless of whether the employee has suffered seven or more days of disability." 28 TEX.ADMIN.CODE § 130.8(a) (West 1997). Appellant argues that TWCC exceeded its rulemaking authority to the extent that rule 130.8 contradicts the statute by not requiring the employee to have been disabled for at least one week. Appellant does not challenge the factual findings of the TWCC.

## Standard of Review

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

## Analysis

 There are no disputed facts in this case. Both sides readily admit that Eisler never missed any work as a result of his injury. Therefore, the only question before this Court is whether Eisler was entitled to impairment income benefits as a matter of law. We hold that he is.

The Texas Supreme Court reviewed the history of Texas workers' compensation in *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504 (Tex.1995). In 1989, the legislature passed the new workers' compensation act, which adopted a tiered benefit approach which provides for medical costs as well as lost income. *Id.* at 513. The new act instituted four levels of income benefits: (1) temporary income benefits; (2) impairment income benefits; (3) supplemental income benefits; and (4) lifetime benefits. *Id.* This case involves the first two tiers.

> Temporary income benefits compensate for lost wages while an injured employee is convalescing. They accrue when the employee suffers a disability[1] and continue until "maximum medical improvement."
> . . .
>
> . . . . .
>
> A claimant who is left with an "impairment" after reaching maximum medical improvement becomes eligible for impairment income benefits. [TEX.LAB.CODE.ANN.] §§ 408.121, 408.122.
>
> . . . . .

. . . Impairment income benefits are intended to compensate for the impairment itself, and thus are payable without regard to post-injury wages or wage earning capacity.

*Id.* at 513–14.

Temporary income benefits are the first "tier" of income benefits which compensate an employee for his or her disability while recovering from an injury. Because temporary income benefits are intended to compensate an employee for lost earnings while recovering from the disability, the employee is required to have been disabled for at least one week before temporary income benefits accrue. TEX.LAB.CODE.ANN. § 408.082.

Impairment income benefits are the second "tier" of income benefits. These benefits are based upon whether the employee has reached maximum medical improvement. The worker must be at the point where he or she can no longer materially benefit from further medical treatment and is physically impaired based upon a permanent injury. TEX.LAB.CODE.ANN. §§ 401.011(23), 401.011(30) (Vernon 1996) Impairment income benefits compensate for a permanent injury, not for lost income. *Id.*

TGI argues that section 408.082 requires that an injured worker suffer from a disability for at least seven days, regardless of the "tier" of the sought-after income benefit. TGI bases its argument on the fact that section 408.082 is entitled "Accrual of Right to Income Benefits" and is in Subchapter E which is entitled "Income Benefits in General." TGI concludes that the minimum requirement of at least seven days of disability applies to all forms of income benefits, including impairment income benefits. Therefore, it argues, the TWCC contradicted the statute when it enacted administrative rule 130.8 which states that an injured worker was entitled to impairment income benefits regardless of whether the injured worker had at least seven days of disability.

We disagree. Section 408.082 must be read in conjunction with TEX.LAB.CODE.ANN. § 408.121. That section states "(a) An em-

---

**1.** "Disability" means the inability because of a compensable injury to obtain and retain employ- ment at wages equivalent to the preinjury wage. TEX.LAB.CODE.ANN. § 401.011(16) (Vernon 1996).

ployee's entitlement to impairment income benefits begins on the day after the date the employee reaches maximum medical improvement. . . ." TEX.LAB.CODE.ANN. § 408.121(a) (Vernon 1996). Rule 130.8 relates to section 408.121, not section 408.082. As the *Garcia* court held, the four tiers of benefits are separate from one another. *Garcia*, 893 S.W.2d at 513. Section 408.082 deals with temporary income benefits (tier one), and section 408.121, as implemented by rule 130.8, treat impairment income benefits (tier two).

We believe that the legislature intended that an injured worker who reaches maximum medical improvement is entitled to impairment income benefits whether or not the injured worker was disabled for at least seven days.[2]

We overrule appellant's sole issue presented.

We affirm the judgment of the trial court.

HEDGES, Justice, dissenting.

I agree with the majority's holding that an injured employee is not required to have suffered a disability for at least seven days in order to receive impairment income benefits. However, I believe that the Galveston County district court did not have jurisdiction to hear Texas General Indemnity's (TGI) cause of action. I would hold that jurisdiction was mandatory in Travis County.

Texas Workers' Compensation Commission (TWCC) argues that the Galveston County district court did not have jurisdiction to hear TGI's attack on the rules promulgated by an administrative agency. It relies on TEX. GOV'T CODE ANN. § 2001.038(b) (Vernon Supp.1998), which states that a challenge to a rule may be brought only in a Travis County district court. TEX. GOV'T CODE ANN. § 2001.176 (Vernon Supp.1998) states that unless otherwise provided by the statute, judicial review of a contested case must be filed in Travis County district court. TGI and Eisler argue on appeal that jurisdiction

was proper in the county where the employee resided on the date the disability began, because the claim was for eligibility for benefits. TEX.LAB.CODE.ANN. § 410.252(b)(2) (Vernon 1996).

Under the Workers' Compensation Act, judicial review of issues other than compensability and eligibility for, or amount of, income or death benefits is governed by chapter 2001 of the Government Code. TEX.LAB.CODE. ANN. § 410.255 (Vernon 1996). "Unless otherwise provided by statute: (1) the petition must be filed in a Travis County district court." TEX. GOV'T CODE ANN. § 2001.176(b) (Vernon Pamph 1998). TEX. GOV'T CODE ANN. § 2001.038 states:

(a) The validity or applicability of a rule, including an emergency rule adopted under Section 2001.034, may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff.

(b) The action may be brought only in a Travis County district court.

I believe that this venue provision is jurisdictional in nature and mandatory.

While the decision to appeal is optional, the place of trial is jurisdictional. *Grounds v. Tolar Independent School Dist.*, 707 S.W.2d 889, 892 (Tex.1986) (holding that similar language in TEX.EDUC.CODE ANN. §§ 21.201–21.211 (Vernon Supp.1986) created mandatory jurisdiction in Travis County); *Rowden v. Texas Catastrophe Property Ins. Ass'n*, 677 S.W.2d 83, 88 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) (holding "This statutory provision for place of trial is jurisdictional and not merely a permissive venue provision" when interpreting TEX.INS.CODE ANN. art. 21.49, section 9). Lack of subject matter jurisdiction is fundamental error and may be raised for the first time on appeal. *Texas Ass'n of Business v. Texas Air Control Board*, 852 S.W.2d 440, 445 (Tex.1994);

---

**2.** In endorsing the findings of the appeals board, we are giving proper weight to a state agency's interpretation of a statute it is charged with enforcing. The construction of a statutory provision by an agency charged with its execution is entitled to serious consideration so long as the construction is reasonable and does not contradict the plain language of the statute. *McElhaney v. City of Tyler*, 926 S.W.2d 597, 598 (Tex. App.—Tyler 1996, writ denied).

*Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied). The issue of subject matter jurisdiction may not be waived by the parties. *Texas Ass'n of Business,* 852 S.W.2d at 445.

Appellant filed two suits: a declaratory judgment action in Travis County and a civil action in Galveston County. Both petitions allege that Eisler was not entitled to recover benefits because rule 130.8 contravened the purpose and intent of section 408.082. TGI never challenged the factual findings of the contested case hearing officer.

In its response to Eisler's motion to transfer venue in the Travis County suit, TGI itself argued that venue in Travis County was mandatory: (1) "Venue of this action is mandatory in Travis County under Section 15.0116 of the Civil Practice and Remedies Code and Section 2001.038 of the Government Code;" (2) "Because the Texas Administrative Procedures Act (including § 2001.038) is applicable to the Texas Workers' Compensation Commission rules, it creates mandatory jurisdiction in [Travis County] court for this action."

Furthermore, TGI's petition against Eisler filed in Galveston County is the functional equivalent of the Travis County declaratory judgment action against the TWCC. In its Galveston County petition, TGI states:

> [Eisler] lost no time from work as a result of his hearing loss. Section 408.082 of the Texas Labor Code states "Income benefits may not be paid under this subtitle for an injury that does not result in disability for at least one (1) week." Impairment income benefits are "income benefits," for purposes of this statute. Consequently, [Eisler] is not entitled to impairment income benefits because he did not sustain at least an eighth (8th) day of disability.
>
> The Commission has enacted 28 Tex.Admin.Code § 130.8 (Rule 130.8), which implies impairment income benefits can be paid regardless of whether [Eisler] is disabled for more than one week. As such, Rule 130.8 is inconsistent with § 408.082 of the Act, and places additional conditions on a carrier for payment of benefits which are

in excess of those obligations the legislature enacted. Rule 130.8 has no effect because of this conflict between the statute and the administrative rule.

In effect, TGI is arguing that Eisler should lose because the conflict between the rule and the statute means that the rule is invalid and should not be applied. TGI is not challenging the factual findings of the TWCC, but rather the validity of the rules enacted by the TWCC. As such, venue is mandatory and jurisdictional in Travis County. Therefore, the Galveston County district court did not have subject matter jurisdiction over TGI's suit against Eisler and the TWCC.

I would reverse the summary judgments granted by the trial court and remand the causes with instructions that the trial court dismiss the causes of action without prejudice for want of jurisdiction.