TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00370-CV






Texas General Indemnity Company, Appellant




v.




Texas Workers' Compensation Commission; Todd Brown in his Official Capacity


as Executive Director of the Texas Workers' Compensation


Commission; and Michael Macik, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 96-06452, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Appellant, Texas General Indemnity Company ("TGI"), filed a declaratory judgment
action challenging the validity of an administrative rule of the Texas Workers' Compensation
Commission ("the Commission") in district court. Appellees, the Commission and Todd Brown,
former Executive Director of the Commission (collectively "TWCC"), filed a plea to the
jurisdiction; TGI and TWCC both filed cross motions for summary judgment. The district court
granted TWCC's plea to the jurisdiction, dismissing the cause, and conditionally rendered
judgment denying TGI's motion for summary judgment and granting TWCC's motion for
summary judgment. TGI appeals the district court's dismissal and judgment. We will affirm. 


BACKGROUND

 Michael Macik ("Macik") was injured while working for Amoco Texas Refining
Company and pursued a claim for workers' compensation benefits from TGI. The commission
hearings division held a hearing to determine whether Macik was entitled to impairment income
benefits despite not having sustained any disability as a result of his injury. A commission hearing
officer found that Macik was entitled to impairment income benefits. This finding was based upon 
a prior commission appeals panel decision in which the panel upheld the validity of section 130.8
of the Texas Administrative Code ("Rule 130.8"), which requires a carrier to initiate payments of
impairment income benefits to an injured employee regardless of whether the employee has
suffered seven or more days of disability. See 28 Tex. Admin. Code § 130.8 (2000). The
commission appeals panel affirmed the hearing officer's decision requiring TGI to pay impairment
income benefits to Macik.

 TGI appealed the panel's decision in Galveston County district court. Along with
its appeal, TGI simultaneously filed a declaratory judgment action in Travis County challenging
the validity of Rule 130.8. TWCC filed a plea to the jurisdiction in the Travis County district
court, asserting that a declaratory judgment cannot be maintained alongside an administrative
appeal and that TGI could not challenge the Commission's rule in light of the pending judicial
review of Macik's claim in Galveston County. TGI and TWCC filed cross motions for summary
judgment on the merits of the validity of Rule 130.8. The Travis County district court granted
TWCC's plea to the jurisdiction and dismissed TGI's suit in Travis County, having determined
that it did not have jurisdiction and that the issues should instead be litigated in Galveston County
district court. The court nevertheless proceeded to conditionally deny TGI's motion for summary
judgment and grant TWCC's motion for summary judgment. TGI now appeals from the district
court's dismissal and judgment.


DISCUSSION In its first point of error, TGI argues that the Travis County district court erred in
dismissing TGI's declaratory judgment action because jurisdiction and venue to hear a challenge
to an administrative agency rule is mandatory in Travis County. In support of its argument, TGI
relies on section 2001.038 of the Texas Administrative Procedure Act ("APA"), which provides
a statutorily prescribed method for challenging the validity or applicability of an agency rule "if
it is alleged that the rule or its threatened application interferes with or impairs, or threatens to
interfere with or impair, a legal right or privilege of the plaintiff." Tex. Gov't Code Ann.
§ 2001.038(a) (West 2000). Section 2001.038 of the APA mandates that "[t]he action may be
brought only in a Travis County district court." Id. § 2001.038(b) (emphasis added). We agree
with TGI that the statute creates mandatory jurisdiction in Travis County for challenging the
validity of an agency rule. Cf. Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 892 (Tex.
1986) (holding that similar language in Texas Education Code created mandatory jurisdiction in
Travis County); Rowden v. Texas Catastrophe Prop. Ins. Ass'n, 677 S.W.2d 83, 88 (Tex.
App.--Corpus Christi 1984, writ ref'd n.r.e.) (holding that statutory provision of Texas Insurance
Code naming Travis County as place of appeal was jurisdictional, and not merely permissive,
venue provision).

 The Travis County district court could therefore have properly maintained TGI's
declaratory judgment action challenging the validity of Rule 130.8 while the Galveston County
district court entertained TGI's appeal of the commission appeals panel decision. However, the
district court's dismissal was not erroneous in light of previous litigation involving TGI. At the
time TGI filed its suit for declaratory judgment in the present case in Travis County district court,
it had already received a judicial declaration from a sister court of appeals that impairment income
benefits are payable even without disability, and that the Commission had not exceeded its
authority in promulgating Rule 130.8. See Texas Gen. Indem. Co. v. Eisler, 981 S.W.2d 744
(Tex. App.--Houston [1st Dist.] 1998, no pet. h.) (motion for extension filed).

 In 1994, TGI filed suit in Galveston County district court for judicial review of a
Commission decision ordering TGI to pay impairment income benefits to Charles Eisler ("Eisler"),
another Amoco Company employee. As in the present case, TGI simultaneously filed suit in
Travis County seeking a declaratory judgment that Rule 130.8 was invalid. Eisler filed a motion
to transfer venue in the Travis County suit, and the Travis County district court granted the
motion, transferred the cause to Galveston County, and consolidated the Travis County case with
the Galveston County case. Id. at 745. The Eisler case in Galveston County subsequently
proceeded to trial on the consolidated issues; TGI lost on both issues and appealed to the First
Court of Appeals. Id. The court of appeals affirmed the Galveston County district court's order,
holding (1) that Eisler was eligible for impairment income benefits despite his not having been
disabled for at least seven days, and (2) that the Commission did not exceed its rulemaking
authority by enacting Rule 130.8. Id.

 Because the issues of whether impairment income benefits may be paid in the
absence of a disability lasting for at least one week and whether the Commission exceeded its
authority in enacting Rule 130.8 have already been decided as to these parties, TGI is barred by
the doctrine of res judicata from relitigating these issues. Res judicata is the generic term for a
group of related concepts concerning the conclusive effects given final judgments. Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). The two principle categories
encompassed by this doctrine are (1) claim preclusion (also known as res judicata), and (2) issue
preclusion (also known as collateral estoppel). Id. Claim preclusion prevents the relitigation of
a claim or cause of action that has been finally adjudicated, as well as related matters that, with
the use of diligence, should have been litigated in the prior suit. Id. The elements of claim
preclusion include: a prior final judgment on the merits by a court of competent jurisdiction;
identity of parties or those in privity with them; and a second action based on the same claims as
were raised or could have been raised in the first action. Amstadt v. United States Brass Corp.,
919 S.W.2d 644, 652 (Tex. 1996).

 Collateral estoppel, or issue preclusion, prevents relitigation of particular issues
already resolved in a prior suit. Barr, 837 S.W.2d at 628. Defendants urge defensive collateral
estoppel to prevent relitigation by a plaintiff of issues previously litigated and lost by the plaintiff
against another defendant. Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d
507, 519 (Tex. 1998) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329 (1979)). The
touchstone of the doctrine of collateral estoppel, in the sense of issue preclusion, is that a party
is entitled to only one full and fair opportunity to litigate the issue in question. Root v. Brodhead,
854 S.W.2d 706, 709 (Tex. App.--Austin 1993, no writ).

 An unpleaded affirmative defense, such as res judicata, may serve as the basis for
summary judgment when it is raised in a summary judgment motion, and the opposing party does
not object to the lack of an affirmative pleading in either its written response or before the
rendition of judgment. Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991). 
TWCC's motion for summary judgment invoked collateral estoppel, under the broad doctrine of
res judicata, to prevent TGI from relitigating the identical issue TGI had lost in the Eisler case. 
In its motion for summary judgment, TWCC stated that "[t]he Houston Court of Appeals
addressed the exact same issue raised by Plaintiff in [Eisler] . . . [t]his decision is or should be res
judicata on this issue." (Emphasis added.) TGI does not assert it has not had a full and fair
opportunity to litigate the issues in question. Rather, it argues that the issue of the validity of the
Commission's promulgation of Rule 130.8 was litigated in the wrong forum, that the Galveston
Court lacked jurisdiction to hear TGI's challenge to the validity of a Commission rule, that such
a rule can only be challenged in a Travis County district court, and that TGI is therefore entitled
to have this question again decided by a Travis County district court.

 As stated, we believe that a challenge to an agency rule should, under section
2001.038 of the APA, be brought in a Travis County district court. See Tex. Gov't Code Ann.
§ 2001.038(b). While the declaratory judgment portion of the Eisler case could properly have
been heard in the Travis County district court, instead of being transferred to the Galveston
County district court and consolidated with the case there pending, the fact remains that the case
was transferred; the Galveston County district court proceeded to judgment on the issue of Rule
130.8's validity, and the First Court of Appeals subsequently affirmed the judgment of the
Galveston County court. TGI effectively accepted the court of appeals' decision by taking no
further action to contest that decision. Although this Court is not bound to follow the holding of
the Eisler decision, the parties themselves are barred from relitigating the issues raised therein. 
The First Court of Appeals decided the issue of the validity of the Commission's promulgation of
Rule 130.8 adversely to TGI; TGI cannot attempt to obtain a more favorable judgment regarding
the very same issue merely by raising it before this Court. We overrule TGI's first point of error.

 We note that this appeal comes to us in an unusual posture. The trial court
dismissed the cause for lack of jurisdiction; nevertheless, the trial court conditionally ruled upon
the parties' competing motions for summary judgment in the event it was held to be in error for
dismissing the cause. For the same reason, we consider TGI's issue regarding the validity of Rule
130.8. In its second point of error, TGI argues that the district court erred in denying TGI's
motion for summary judgment and granting TWCC's motion for summary judgment on the basis
that Rule 130.8 is not contrary to section 408.082 of the Labor Code and is therefore a valid
exercise of the Commission's rulemaking authority under the APA.

 When both parties move for summary judgment and the district court grants one
motion and denies the other, the unsuccessful party may appeal both the prevailing party's motion
as well as the denial of its own. Holmes v. Morales, 924 S.W.2d 920, 922 (Tex. 1996). In such
a situation, we review the summary judgment evidence presented by both sides and determine all
questions presented. Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). The parties
to the present case do not dispute any facts. The only question before us is whether Rule 130.8
conflicts with the Labor Code. In resolving this issue, we are called upon to interpret provisions
of both the Labor Code and the Texas Administrative Code. Because the interpretation of statutes
is a question of law, we review the district court's decision de novo. Mitchell Energy Corp. v.
Ashworth, 943 S.W.2d 436, 437 (Tex. 1997). 

 There are four types of benefits available to injured workers under the Texas
Workers' Compensation Act: medical, income, death, and burial. Tex. Lab. Code Ann.
§ 401.011(5) (West Supp. 2001). Within the category of income benefits, there are four specific
levels or tiers of income benefits: (1) temporary income benefits; (2) impairment income benefits;
(3) supplemental income benefits; and (4) lifetime benefits. See generally id. §§ 408.081-.162
(West 1996 & Supp. 2001). These four types of income benefits are distinct from one another. 
See Texas Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 513 (Tex. 1995); Eisler, 981
S.W.2d at 747. Each type of income benefit is discussed in a separate section of the statute. See
Tex. Lab. Code Ann. § 408.101-.162 (West 1996 & Supp. 2001).

 The various benefits have different requirements for eligibility and compensate for
different losses. As the supreme court explained in Garcia, "Temporary income benefits
compensate for lost wages while an injured employee is convalescing." Garcia, 893 S.W.2d at
513. They accrue when an employee suffers a disability and continue until "maximum medical
improvement." Id.; Tex. Lab. Code Ann. § 408.101, .102 (West 1996). Impairment income
benefits, on the other hand, are intended to compensate for the impairment itself, and thus are
payable without regard to post-injury wages or wage earning capacity. Garcia, 893 S.W.2d at
514. Section 408.121 of the Labor Code details when entitlement to such benefits accrue as
follows:


(a) An employee's entitlement to impairment income benefits begins on the day
after the date the employee reaches maximum medical improvement . . . .



Tex. Lab. Code Ann. § 408.121 (West 1996). The Labor Code defines "maximum medical
improvement" as the earlier of: (A) the earliest date after which, based on reasonable medical
probability, further material recovery from or lasting improvement to an injury can no longer
reasonably be anticipated, or (B) the expiration of 104 weeks from the date on which income
benefits begin to accrue. Id. § 401.011(30) (West Supp. 2001). Eligibility for impairment income
benefits therefore does not depend on whether the employee suffers a disability, but instead on
whether the employee is left with an impairment after reaching maximum medical improvement.

 Where language in a statute is unambiguous, we must seek the intent of the
legislature as found in the plain and common meaning of the words and terms used. Monsanto
Co. v. Cornerstones Mun. Util. Dist., 865 S.W.2d 937, 939 (Tex. 1993) (citing Moreno v.
Sterling Drug, Inc., 787 S.W.2d 348, 352 (Tex. 1990)). Strained or narrow construction of the
workers' compensation laws that deny the employee benefits are improper. Kroger Co. v. Keng,
976 S.W.2d 882, 890 (Tex. App.--Tyler 1998), aff'd, 23 S.W.3d 347 (Tex. 2000). The plain
language of the Workers' Compensation Act evinces the intent of the legislature that an injured
employee who reaches maximum medical improvement be entitled to impairment income benefits
whether or not the employee has suffered a disability for at least a week. This conclusion is
supported by the liberal construction we apply to workers' compensation legislation "to carry out
its evident purpose of compensating injured workers and their dependents." Albertson's, Inc. v.
Sinclair, 984 S.W.2d 958, 961 (Tex. 1999).

 In order to implement and enforce workers' compensation legislation, the legislature
has authorized the Commission to adopt rules as necessary. Duenas v. Garland Indep. Sch. Dist.,
961 S.W.2d 19, 23 (Tex. App.--Dallas 1996, writ denied); see Tex. Lab. Code Ann. § 402.061
(West 1996). As authorized, the Commission has adopted rules of practice and procedure. 
Duenas, 961 S.W.2d at 23; see 28 Tex. Admin. Code §§ 41.1-181.1 (2000). One such rule is
Rule 130.8, which in relevant part, reads as follows:


(a) Impairment income benefits accrue on the day after the injured employee
reaches maximum medical improvement, regardless of whether the employee
has suffered seven or more days of disability.

28 Tex. Admin. Code § 130.8(a). The text of an administrative rule must be construed under the
same principles as if it were a statute. Gulf States Utils. Co. v. Public Util. Comm'n, 784 S.W.2d
519, 528 (Tex. App.--Austin 1990), aff'd, 809 S.W.2d 201 (Tex. 1991). We bear in mind that
an administrative agency unquestionably has the power to interpret its own rules, and that its
interpretation is entitled to great weight and deference by a court called upon to interpret or apply
such rules. Id. at 527 n.5. The agency's construction of its rule is controlling unless it is plainly
erroneous or inconsistent. Id. An agency rule is furthermore presumed to be valid, and the party
challenging the rule has the burden to show the agency did not have the authority to promulgate
it. Texas Home Mgmt., Inc. v. Texas Dep't of Mental Health & Mental Retardation, 953 S.W.2d
1, 3 (Tex. App.--Austin 1997, pet. denied).

 TGI argues that Rule 130.8, in granting entitlement to impairment income benefits
"regardless of whether the employee has suffered seven or more days of disability," conflicts with
Labor Code section 408.082, which states that income benefits will not be paid unless disability
exists for at least seven days. See Tex. Lab. Code Ann. § 408.082. Because section 408.082 is
entitled "Income Benefits in General," TGI concludes that the minimum requirement of at least one
week disability applies to all forms of income benefits, including impairment income benefits. 
TGI's interpretation, however, focuses on the relationship of Rule 130.8 to a general provision
of the statute, section 408.082, while ignoring section 408.121, the specific provision governing
impairment income benefits.

 When two sections of a statute address a similar subject matter and a general
provision can be read to conflict with a more specific provision, "the general provision is
controlled or limited by the special provision." GMC Superior Trucks, Inc. v. Irving Bank & Trust
Co., 463 S.W.2d 274, 276 (Tex. Civ. App.--Waco 1971, no writ); accord City of Dallas v.
Mitchell, 870 S.W.2d 21, 23 (Tex. 1994). In such circumstances, the special provision is
regarded as though it were an exception or proviso, removing something from the operation of the
general law. Trinity Universal Ins. Co. v. McLaughlin, 373 S.W.2d 66, 69 (Tex. Civ.
App.--Austin 1963, writ ref'd n.r.e.). Although the general provision governing eligibility for
income benefits, section 408.082, states that an injured worker must have a disability for at least
one week before benefits are paid, the Workers' Compensation Act contains a specific provision,
section 408.121, which governs eligibility for impairment income benefits. Section 408.121 states
that an employee's entitlement for impairment income benefits begins on the day after the
employee reaches maximum medical improvement; this provision makes no mention of disability. 
See Tex. Lab. Code Ann. § 408.121. Section 408.121, as a specific provision, therefore acts as
an exception to section 408.082's requirement that an injured employee have suffered at least a
week of disability before benefits accrue; in the case of impairment income benefits, an
employee's entitlement does not depend on disability.

 We agree with the Eisler court and the Commission that Rule 130.8 relates to
section 408.121, not 408.082. Eisler, 981 S.W.2d at 747; Appellant, 1994 WL 445791 (Texas 
Workers' Comp. Comm'n Appeals Panel Aug. 11, 1994). Read in conjunction with section
408.121, Rule 130.8 implements the intent of the legislature, as evinced by the plain language of
section 408.121, that an injured employee is entitled to impairment income benefits after reaching
maximum medical improvement, regardless of whether the employee was disabled for at least
seven days. As such, Rule 130.8 is a valid exercise of the Commission's rulemaking authority. 
We overrule TGI's second point of error.


CONCLUSION

 We affirm the district court's dismissal; if, however, we are in error, we determine
that Rule 130.8 is a valid exercise of the Commission's rulemaking authority and that such rule
is not contrary to Texas Labor Code section 408.082, and we accordingly affirm the district
court's judgment on those grounds.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson 

Affirmed

Filed: December 21, 2000

Publish



ment, regardless of whether the employee
has suffered seven or more days of disability.

28 Tex. Admin. Code § 130.8(a). The text of an administrative rule must be construed under the
same principles as if it were a statute. Gulf States Utils. Co. v. Public Util. Comm'n, 784 S.W.2d
519, 528 (Tex. App.--Austin 1990), aff'd, 809 S.W.2d 201 (Tex. 1991). We bear in mind that
an administrative agency unquestionably has the power to interpret its own rules, and that its
interpretation is entitled to great weight and deference by a court called upon to interpret or apply
such rules. Id. at 527 n.5. The agency's construction of its rule is controlling unless it is plainly
erroneous or inconsistent. Id. An agency rule is furthermore presumed to be valid, and the party
challenging the rule has the burden to show the agency did not have the authority to promulgate
it. Texas Home Mgmt., Inc. v. Texas Dep't of Mental Health & Mental Retardation, 953 S.W.2d
1, 3 (Tex. App.--Austin 1997, pet. denied).

 TGI argues that Rule 130.8, in granting entitlement to impairment income benefits
"regardless of whether